UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                                      Plaintiff,<br><br>        - against -<br><br>LAIDLAW ENERGY GROUP, INC. and MICHAEL B. BARTOSZEK,<br><br>                                    Defendants. | 1:13-cv-3837-ALC<br><br>USDC SDNY<br>DOCUMENT ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: 4-12-16 |

## FINAL JUDGMENT AS TO LAIDLAW ENERGY GROUP, INC. AND MICHAEL B. BARTOSZEK

The Plaintiff Securities and Exchange Commission having filed a Complaint, and the Defendants Laidlaw Energy Group, Inc., and Michael B. Bartoszek having entered general appearances; consented to the Court's jurisdiction over the Defendants and the subject matter of this action; consented to the entry of Partial Judgments (DN 38 - Bartoszek and DN 39 - Laidlaw Energy Group, Inc.) with respect to injunctive relief against future violations of certain provisions of the federal securities laws, imposing a penny stock bar as to Bartoszek, and barring Bartoszek from acting as an officer or director of any issuer that has a class of registered securities, but reserving to the Court the determination of the amount of disgorgement, prejudgment interest, and civil penalty to be imposed, and the Court having entered a ruling (DN 52) setting the amounts thereof:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Laidlaw Energy Group, Inc., and Michael B. Bartozek are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants, or either of them, or with anyone described in (a).

## II.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Laidlaw Energy Group, Inc., and Michael B. Bartozek are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by

the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    To employ any device, scheme, or artifice to defraud;

    (b)    To obtain money or property by means of any untrue statement of material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    To engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants, or either of them, or with anyone described in (a).

### III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Laidlaw Energy Group, Inc., and Michael B. Bartozek are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    To employ any device, scheme, or artifice to defraud;

    (b)    To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

    (c)    To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants, or either of them, or with anyone described in (a).

### IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Michael B. Bartozek is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

### V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant Michael B. Bartozek is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, § 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Defendants Laidlaw Energy Group, Inc., and Michael B. Bartozek are jointly and severally liable for disgorgement of $1,259,550.00, representing profits gains as a result of the conduct alleged in the Complaint, together with prejudgment interest in the amount of $448,464.63. Defendants Laidlaw Energy Group, Inc., and Michael B. Bartozek shall satisfy this joint and several obligation by paying $1,708,024.64 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendants Laidlaw Energy Group, Inc., and Michael B. Bartozek may transmit payment electronically to the Commission, which will provide detailed ACH/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be mailed or delivered to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Laidlaw Energy Group, Inc.'s, and/or Michael B. Bartozek's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Laidlaw Energy Group, Inc., and/or Michael B. Bartozek Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to

Defendants. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Laidlaw Energy Group, Inc. shall pay a civil penalty in the amount of $1,500,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Laidlaw Energy Group, Inc. shall make this payment to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Laidlaw Energy Group, Inc. may transmit payment electronically to the Commission, which will provide detailed ACH/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be mailed or delivered to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Laidlaw Energy Group, Inc.'s name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Laidlaw Energy Group, Inc. shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Michael B. Bartozek shall pay a civil penalty in the amount of $300,000 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant Michael B. Bartozek shall make this payment to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant Michael B. Bartozek may transmit payment electronically to the Commission, which will provide detailed ACH/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be mailed or delivered to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant Michael B. Bartozek's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants Michael B. Bartozek shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED**, that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Michael B. Bartozek, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Michael B. Bartozek under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Michael B. Bartozek of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction for the purpose of enforcing the terms of this Final Judgment.

Dated:   New York, New York
         April 12, 2016

_____
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED ON THE DOCKET ON _____